James R. LEMONS, Appellant

v.

The STATE of Texas, Appellee.

No. 01–03–00045–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 4, 2004.

John Bennett, Huntsville, TX, for Appellant.

Kathy Esquivel, Criminal District Attorney, David P. Weeks, District Attorney, Huntsville, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, James R. Lemons, was convicted by a jury for the misdemeanor offense of possession of marihuana weighing two ounces or less.[1] The jury sentenced him to 90 days' imprisonment and a $1,000 fine. In one issue presented, appellant argues that he was denied effective assistance of counsel. We affirm.

## Background

Prior to trial, appellant filed a motion to suppress the marihuana, claiming that the arresting officer, Officer Davis McGann, had no reasonable suspicion to conduct the pat-down of appellant which resulted in the narcotics recovery. At the motion to suppress hearing, Huntsville Police Officer David McGann testified that, on August 22, 2001, Officer Broderick Davis, who was on his way to an unrelated call, contacted him via police radio and informed him that Davis had driven by the parking lot of a vacant building in a known drug crime area and had seen a person he knew sitting in his car in the parking lot of the vacant building. Davis described the vehicle to McGann and told McGann that the man in the car, later confirmed to be appellant, was known to sell marihuana and that he believed appellant was actively engaged in selling marihuana.

Based on the information provided by Davis, McGann went to the location, observed the vehicle Davis had described, and approached it. McGann told appellant that he had been told someone might be selling marihuana out of his car. McGann asked appellant to get out of the car so that he could check appellant for weapons. Although McGann admitted that he did not have any specific reason to believe that appellant was carrying a weapon, McGann testified that when he is investigating a possible drug-dealing situation he conducts pat-downs to check for weapons for his safety because investigating possible drug-dealing raises his concerns for safety and for a greater chance of weapons being present. McGann also observed that it was important to conduct a pat-down in this case because he was alone, had only one angle of observation, and had limited visibility of appellant and his car. McGann stated that his purpose in conducting the pat-down was not to search for drugs, but for weapons.

McGann did not find anything in his pat-down search that led him to believe appellant had a weapon. But, during the search, McGann felt some substance in a baggy in appellant's cargo pants pocket, later confirmed to be marihuana. McGann asked appellant what was in his pocket. Appellant told McGann that it was something like a bandana. Then appellant reached for his pocket. McGann, fearing there might be a weapon, grabbed appellant's hand, put it back on the car, and then reached into appellant's pocket and retrieved the baggy. McGann testified that he believed it was necessary to obtain the substance from appellant's pocket because he "felt something might happen."[2] McGann arrested appellant, searched his vehicle, and recovered a marihuana cigarette from the ashtray. Appellant was then charged with possession of marihuana.

---

1. See TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1).

2. McGann testified that appellant's lying about the contents of his pocket caused him to have a heightened state of "concern for what's going to happen in between that moment and the moment [I] confirm what is in his pocket."

Following the foregoing testimony, appellant argued that the fruits of the search should be suppressed because McGann lacked reasonable suspicion to approach and/or investigate appellant; the pat-down protective search was not justified; and, even if it was justified, it exceeded the appropriate scope because McGann had no reason to believe appellant had a weapon. The State argued that there was reasonable suspicion for McGann to stop and search appellant based on the information provided to him by Davis. It further argued that, based on his experience and training, McGann had reason to believe that weapons might be involved and that the search was limited to a pat-down for safety purposes. The trial court denied the motion to suppress, and the case proceeded to trial.

During his cross-examination of Officers Davis and McGann, appellant's counsel focused predominately on the issues of reasonable suspicion to search and the extent of the search. After cross-examining the State's witnesses, the State moved to admit the marihuana into evidence. Appellant's counsel stated that he had no objection, and the evidence was admitted.

Before the charge was read to the jury, appellant's counsel asked the court for a jury charge instruction, pursuant to article 38.23 of the Texas Code of Criminal Procedure, on whether McGann had reasonable suspicion to search appellant. Rule 38.23 provides that no evidence obtained in violation of the federal or state constitutions or laws may be admitted in evidence and that when the legal evidence raises an issue regarding a violation, the jury must be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the law, it must disregard the illegally obtained evidence. TEX. CODE CRIM. PROC. art. 38.23(a) (Vernon 2003). Appellant wanted to include an article 38.23 question in the charge because

he claimed there was a fact issue for the jury to decide regarding reasonable suspicion to search appellant. Appellant explained the fact issue present:

Officer Davis said that he did not observe anybody around the car, and that he only reported to Officer McGann that there was a car sitting there. That's it. That was Officer Davis' testimony. I gave him several opportunities. However, now we have a conflict in the testimony between the officers, as to what was communicated to Officer McGann, which would raise a question as to whether or not Officer McGann even had reasonable suspicion to approach this individual, much less the *Terry* pat and the ultimate search ... The fact issue is whether or not Officer McGann had—was provided information which would give him reasonable suspicion to—.

The court denied appellant's request on the ground that appellant had affirmatively stated that he had no objection to the evidence. The record reflects that appellant's counsel was unaware of the law cited to him by the court. After counsel referred the trial court to the law on the fact issue raised, the court stated: "Okay, and while I'm looking at these, you look at [*Jackson v. State*,] 888 S.W.2d 912 [ (Tex.App.-Houston [1st Dist.] 1994, no pet.) ] and tell me why you're entitled to that charge when you did not object to the evidence being introduced." Appellant's counsel argued that there was no necessity to object, but his request was denied. The jury convicted appellant of possession of marihuana.

### Discussion

■ In his sole issue, appellant claims he was denied effective assistance of counsel. In particular, appellant argues that his trial counsel's statement of "no objection" to the admission of the marihuana

into evidence waived his ability to appeal the motion to suppress and precluded the reasonable-suspicion-to-search issue appellant's counsel later wished to have included in the jury charge pursuant to article 38.23. Therefore, according to appellant, because his trial counsel wanted to obtain an article 38.23 instruction, but could not receive one because he had affirmatively stated that he had no objection to the introduction of the marihuana, his trial counsel's failure could not be a matter of strategy, but instead was an unprofessional error that prejudiced appellant.

■ In reviewing an ineffective assistance of counsel claim, we evaluate the effectiveness of counsel under the two-pronged test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex.Crim.App.1999). First, the defendant must show that his counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064. To prove this deficiency in representation, the defendant must demonstrate that his counsel's performance deviated from prevailing professional norms. *Id.* Second, the defendant must show prejudice. This requires the defendant to show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *Id.* at 697, 104 S.Ct. at 2069. Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

■ We cannot speculate beyond the record provided; rather, a reviewing court must presume that counsel's actions were taken as part of a strategic plan for representing the client. *Young v. State*, 991 S.W.2d 835, 837–38 (Tex.Crim.App.1999). An appellant must overcome the presumption that his trial counsel's strategy was sound and affirmatively demonstrate the alleged ineffective assistance of counsel from the record. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App.2003); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim.App.2000); *Thompson*, 9 S.W.3d at 813–14.

■ Appellant's trial counsel's strategy was to suppress the marihuana recovered at the scene on the ground that the search was illegal. A motion to suppress is the appropriate vehicle to challenge the fruits of an allegedly illegal search. *See Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim.App.1998). Appellant's counsel, accordingly, moved to suppress the marihuana and obtained a hearing, at which his motion was denied. When a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App. 1986). However, when the defendant affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence, despite the pretrial ruling. *Id.; see also Moody v. State*, 827 S.W.2d 875, 889 (Tex.Crim.App. 1992).

Here, when the State offered the contraband at trial, appellant's counsel affirmatively stated that he had no objection to the introduction of that evidence, thereby waiving any error in the trial court's denial of his motion to suppress, and precluding him from later obtaining an article 38.23 jury instruction that the marihuana was the fruit of an illegal search. *Jackson*

*v. State,* 888 S.W.2d 912, 914 (Tex.App.-Houston [1st Dist.] 1994, no pet.). Appellant's appellate counsel argues that trial counsel's affirmative statement of "no objection" demonstrates ineffective assistance of counsel because it radically undermined trial counsel's own strategy for protecting his client—keeping the marihuana out of evidence—and, therefore, could not have been part of a professional reasonable trial strategy. We agree that appellant's "no objection" statement undermined his own strategy. Therefore, appellant has satisfied the first prong of *Strickland* by demonstrating that his trial counsel's performance fell below an objectively reasonable professional standard. *See Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064. We must therefore determine whether appellant was harmed by his counsel's ineffective representation. *See id.* at 694, 104 S.Ct. at 2068.

■ Although appellant has satisfied the first prong of *Strickland,* we find that appellant has failed to demonstrate that he was prejudiced by his trial counsel's failure to preserve error with respect to the motion to suppress. At the motion to suppress hearing, appellant contended that the search should not be upheld for three reasons: (1) there was no reasonable suspicion to approach appellant; (2) there was no reason for officers to conduct a *Terry* protective search; and (3) the pat-down exceeded the scope of *Terry.*

■ Law enforcement officers may stop and briefly detain persons suspected of criminal activity if the circumstances on which the officers rely objectively support a reasonable suspicion that the person detained actually is, has been, or soon will be engaged in criminal activity. *Woods v. State,* 956 S.W.2d 33, 35 (Tex.Crim.App. 1997). Reasonable suspicion exists if the officer has specific articulable facts which, when combined with rational inferences from those facts, would lead him reason-ably to suspect that a particular person has engaged in or is engaging in criminal activity. *Garcia v. State,* 43 S.W.3d 527, 530 (Tex.Crim.App.2001). This standard is an objective one; there need only be an objective basis for the stop. *Id.* The reasonable suspicion determination is made by considering the totality of the circumstances. *Id.* The information provoking the officer's suspicions need not be based on his own personal observations, but may be based on an informant's tip that bears sufficient "indicia of reliability" to justify a stop. *See Adams v. Williams,* 407 U.S. 143, 146–47, 92 S.Ct. 1921, 1923–24, 32 L.Ed.2d 612 (1972).

In the present case, McGann's suspicions were based on Officer Davis's information. McGann testified that Davis was highly reliable because he was an officer who had been assigned to the area and, as such, Davis was intimately familiar with the area. Davis noted that daily law enforcement activity takes place at the location he gave to McGann. Davis described appellant's car and explained that appellant was known for selling marihuana and that he appeared to be engaged in selling marihuana at the present time. Davis testified that he was drawn to appellant's car due to its unusual placement in the parking lot, which indicated to him, based on his experience, that drug-dealing could be occurring. Appellant focuses on whether Davis told McGann that it was an individual Davis knew or that it was appellant himself in the vehicle. Either way, based on the reliable information Davis provided to McGann about the potential drug-dealing occurring, it was reasonable for McGann to suspect that an individual was engaging in, or soon would be engaged in, criminal activity.

■ *Terry* permits a brief stop of a person whose suspicious conduct leads an officer to conclude that criminal activity

may be afoot; and it further permits a pat-down search of the person for weapons when the officer is justified in believing that the person may be armed and presently dangerous. *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). Although an officer may be authorized to conduct a pat-down search, the officer may do so only to the extent necessary to discover weapons that might be used to harm the officer or others. *Id.* Appellant argues that McGann should not have conducted a *Terry* stop and search and that, even if the stop was appropriate, McGann exceeded the scope of the search because McGann was clearly looking for contraband.

We find that the *Terry* stop and search were proper. McGann testified that, as a result of his experience and training, when he is involved in narcotics situations, he conducts pat-downs to check for weapons because there is a greater chance of weapons being present. McGann further noted that it was important for him to conduct a pat-down search in this case because he was alone, had limited visibility of appellant and his car, and had only one angle of observation. When McGann conducted his pat-down, he limited the search to appellant's outer clothing. As he conducted the pat-down search of appellant, he felt something in a baggy in appellant's pocket. Unclear as to what the object was, McGann questioned appellant. Appellant then made a furtive gesture by reaching for his pocket that made McGann believe that appellant would either assault him or flee. Under the totality of the circumstances, McGann's pat-down search did not exceed the permissible scope of *Terry.* Because the trial court did not err in denying appellant's motion to suppress, appellant has not demonstrated prejudice by his counsel's affirmative statement of "no objection," which waived his ability to appeal the motion to suppress.

## Conclusion

We affirm the judgment.