Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



GUILLERMO GOMEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00290-CR

Appeal from the

210th District Court

of El Paso County, Texas

(TC# 20030D00687)




O P I N I O N

           This is an appeal from a jury conviction for the offense of possession of heroin in an
amount of one gram or more but less than four grams--enhanced by the allegation of two
prior felony convictions. The court assessed punishment at twenty-five years’ imprisonment
in the Institutional Division of the Texas Department of Criminal Justice. We affirm the
judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           James Bolt of the El Paso Police Department testified that he, in the company of other
officers, was conducting undercover surveillance in El Paso County, Texas on September 4,
2002. They were observing the Lone Star Inn where there was a history of narcotics
transactions and usage. He observed Appellant engaging in suspicious activities and the
officers proceeding to follow Appellant as he went to various locations in central El Paso. 
Appellant would stop and meet with people by the side of the road or in parking lots. 
Sometimes people would go to the window of his car or he would get out of his car and meet
with them. On one occasion, he saw an individual hand some cash to Appellant although he
could not identify the same object Appellant handed to the individual in return. Officer Bolt
believed Appellant was selling heroin. The officers lost sight of Appellant in rush hour
traffic.
           The next day Officer Bolt observed Appellant coming and going from room 221 of
the Lone Star Inn. He did not observe any suspicious activity; however, he was informed by
another officer that an individual who had been arrested for possession of heroin and cocaine
had stated that Appellant was selling heroin. The arrested individual gave one of the officers
a cell phone which the officer used to make an appointment with Appellant later in the day. 
Several undercover officers met with Appellant in the front of a K-Mart store. Officer Bolt
identified himself as a police officer by showing his badge and credentials. Bolt testified
that at this juncture, they had detained Appellant for investigation and he was not free to
leave. He did not believe that he had sufficient probable cause to arrest Appellant. Appellant
was wearing a loose-fitting shirt. While Officer Bolt did not know whether or not Appellant
was armed, he suspected that he could be armed in that drug dealers were dangerous
individuals and often carried weapons. Officer Bolt asked Appellant if he was armed and
he did not receive a response. Based on the fact of this silence and the fact Appellant was
wearing a loose shirt, Officer Bolt became alarmed and began performing a pat-down search
of Appellant. Appellant acquiesced to the command to place his hands on the wall of the
store and Officer Bolt continued the pat-down search.
           Appellant suddenly took his left hand off the wall and reached for his belt. This
alarmed the officers and Officer Bolt grabbed Appellant’s left arm. Other officers rushed
toward Appellant and he was pinned against the wall. Appellant fought and tried to get away
from the officers. After approximately a minute, they were able to subdue Appellant. During
this struggle, Appellant dropped an object wrapped in plastic from his left hand. Appellant
was handcuffed and arrested for resisting the search. The item appeared to be black-tar
heroin. Subsequent tests revealed that the item was heroin.
II. DISCUSSION
           In Appellant’s sole issue, he maintains that the court erred in denying his motion to
suppress the evidence. Specifically, Appellant argues that there were no specific articulable
facts indicating that the safety of the officers was in danger.
           A trial court’s ruling on a motion to suppress is generally reviewed for an abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996); Gordon v. State,
4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). In reviewing a motion to suppress, we
must give almost total deference to the trial court’s determination of historical facts and
review de novo mixed questions of law and fact that do not turn on an evaluation of
credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000);
Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); Guzman v. State, 955
S.W.2d 85, 89 (Tex.Crim.App. 1997). As the trial court made no explicit findings of
historical facts in this case, the evidence must be reviewed in a light most favorable to the
trial court’s ruling. Carmouche, 10 S.W.3d at 327-28. The trial court’s ruling will be upheld
if it is correct on any theory of law applicable to the case. Willover v. State, 70 S.W.3d 841,
845 (Tex.Crim.App. 2002); Ross, 32 S.W.3d at 855-56.
           A police officer may be justified in stopping and briefly detaining a person for
investigative purposes even though the evidence falls short of probable cause for an arrest. 
See Terry v. Ohio, 392 U.S. 1, 21-24, 88 S.Ct. 1868, 1879-81, 20 L.Ed.2d 889 (1968); Davis
v. State, 947 S.W.2d 240, 244 (Tex.Crim.App. 1997). To determine the reasonableness of
an investigative detention, we apply the test articulated in Terry v. Ohio: (1) whether the
officer’s action was justified at its inception; and (2) whether it was reasonably related in
scope to the circumstances that justified the initial interference. Terry, 392 U.S. at 19-20,
88 S.Ct. at 1879; Davis, 947 S.W.2d at 244. The reasonableness of a temporary detention
must be examined based on the totality of the circumstances and will be justified when the
detaining officer has specific articulable facts, which taken together with rational inferences
from those facts, lead him to conclude that the person detained actually is, has been, or soon
will be engaged in criminal activity. Terry, 392 U.S. at 21, 88 S.Ct. at 1880; Woods v. State,
956 S.W.2d 33, 38 (Tex.Crim.App. 1997). This is an objective standard that considers
whether the facts available to the officer at the moment of the seizure or the search would
warrant a person of reasonable caution to believe that the action taken was appropriate. 
Terry, 392 U.S. at 21-22, 88 S.Ct. at 1879-80.
           Under Terry, an officer may conduct a pat-down search or frisk for weapons during
an investigative stop when the officer has reason to believe that the suspect might be armed
and dangerous, regardless of whether he has probable cause to arrest the individual for a
crime. Terry, 392 U.S. at 27, 88 S.Ct. at 1883. The officer need not be certain that the
suspect is armed; rather, the issue is whether a reasonably prudent man in the circumstances
would be warranted in the belief that his safety or that of others was in danger. Id. However,
the “exigencies” which permit the additional search are generated strictly by a concern for
the safety of the officers. See Carmouche, 10 S.W.3d at 329. The additional intrusion that
accompanies a Terry or pat-down frisk is only justified where the officer can point to specific
and articulable facts which reasonably lead him to conclude that the suspect might possess
a weapon. Id. However, a police officer’s reasonable belief that a suspect is armed and
dangerous may be predicated on the nature of the suspected criminal activity. Id. at 330. It
is not unreasonable to conduct a limited search for weapons in circumstances involving
allegations of narcotics dealing since weapons and violence are frequently associated with
drug transactions. Id.
           In the present case, Officer Bolt had observed Appellant engaging in suspicious
activities indicative of drug dealing. Furthermore, he had information from another officer
that an arrestee had stated that Appellant was selling heroin. We find that the temporary
detention of Appellant was justified. See Sargent v. State, 56 S.W.3d 720, 725 (Tex.App.--Houston [14th Dist.] 2001, pet. ref’d).
           Regarding the pat-down search of Appellant, we find that Officer Bolt had a
reasonable belief that Appellant was armed. Appellant was suspected of engaging in drug
transactions, he was wearing a loose-fitting shirt, and he did not respond when he was asked
if he had any weapons. Given these circumstances, the pat-down search was justified. See
Lemons v. State, 135 S.W.3d 878, 884 (Tex.App.--Houston [1st Dist.] 2004, no pet.);
Sargent, 56 S.W.3d at 725-26. Issue No. One is overruled.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice
May 12, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)