

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-416-CR**

MAURICO M. GIBSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In one point, Appellant Maurico M. Gibson asserts that his due process rights were violated because his guilty plea was involuntary.  We affirm.

### II.  Factual and Procedural History

On October 23, 2007, Gibson appeared in court and entered an open plea of guilty to one count of aggravated robbery with a deadly weapon.  This was

---

[1] *See* Tex. R. App. P. 47.4.

one of several cases brought against him for his actions in what, in light of the punishment hearing testimony, amounted to a crime spree.[2] Noted on his written plea admonishments form is the statement, "[o]pen plea to the court on this cause number only."

Paragraph 7 of the written plea admonishments states, "**No Plea Agreement (Open Plea):** If you have plead[ed] guilty without [the] benefit of a plea agreement, the plea proceeding is your trial. . . . Once the Court has accepted your guilty plea, you cannot withdraw your plea without permission from the Court." The following paragraphs fall under the section labeled, "Written Waiver by Defendant—Joined by Attorney," which states, "Comes now the Defendant, in open Court, joined by my attorney and states:

> (A) I am able to read the English language. I fully understand each of the above written plea admonishments given by the Court and I have no questions. . . . I fully understand the entire document, as

---

[2] On December 4, 2006, Gibson and his companion, Kelvin Miller, robbed Crystal Jones, the complainant in this case, at gunpoint at around 9:30 p.m. Gibson and Miller also robbed William Lopez at gunpoint earlier that evening, around 5:30 or 6:00 p.m., and robbed Crystal Charon at gunpoint around 9:00 p.m. All of the robberies took place within the same geographic area.

Arlington Police Officer Jose Alvarez testified that on December 4, around 9:35 p.m., after a fourth robbery was reported in the area, he stopped a vehicle that fit the get-away car's description. Gibson was the back seat passenger; the police recovered a loaded 9-millimeter handgun from underneath the driver's seat. Officer Alvarez testified that Gibson asked him, "[S]o how many robberies are—are y'all going to charge me with?"

well as each of the above written plea[] admonishments given by the Court and I have no questions.

. . . .

(C) I am aware of the consequences of my plea;

(D) I am mentally competent and my plea is knowingly, freely, and voluntarily entered. No one has threatened, coerced, forced, persuaded or promised me anything in exchange for my plea;

. . . .

(I) I give up and waive all pretrial motions that may have been filed in connection with my case;

. . . .

(O) I give up and waive any and all rights of appeal in this case[.]

Gibson's signature is on the line following the last paragraph of the written waiver. His attorney signed below the following paragraph:

I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the following judicial confession to the Defendant. I am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof. . . .

Gibson also signed under the following sworn judicial confession:

Upon my oath I swear my true name is Maurico Gibson and I am 23 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, . . . . All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. . . . I swear to the truth of all of the foregoing and I

3

further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

The trial court and the attorneys for both parties signed beneath the trial court's acknowledgment that it had given Gibson the written plea admonishments; that it had found Gibson mentally competent; and that his plea was intelligently, freely, and voluntarily entered.

On October 30, 2007, Gibson appeared with his attorney for the sentencing trial. The trial court reviewed the above procedure with Gibson as follows:

> [The Court]: . . . Mr. Gibson, you were here on October 24th wherein you entered a plea of guilty to the offense of aggravated robbery. The Court accepted the plea, deferred any findings and we're going to have the case heard today. You understand?
>
> [Gibson]: Yes, sir.
>
> [The Court]: All right. This is a first-degree felony. It carries a term of life or any term of not more than 99 years nor less than five years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000 may be assessed. You understand that?
>
> [Gibson]: Yes, sir.
>
> [The Court]: By pleading open you're pretty much waiving most of your rights. You understand that?
>
> [Gibson]: Yes, sir.
>
> [The Court]: All right. And whatever decision that I make on that you're going to be living with that. Do you understand?

4

[Gibson]: Yes, sir.

[The Court]: You also made a judicial confession; is that correct?

[Gibson]: Yes, sir.

[The Court]: And you entered—you state that your name is Maurico Gibson, you're 23 years of age, you've read the indictment and everything in the indictment is true and correct, that you are guilty of the offense and any other offenses that are included. Is that correct?

[Gibson]: Yes, sir.

[The Court]: All right. And you actually swore to this and my clerk at that time notarized this. And the documents were signed by you, your lawyer, . . . myself, and the State . . . ; is that correct?

[Gibson]: Yes, sir.

[The Court]: All right. Then, [State], we will proceed.

[State]: Judge, I can't remember, did you admonish him last time on immigration effects, if they have them on him? I couldn't remember if we did that last time or not.

    . . . .

[Defense counsel]: For the record, *I explained everything to him*, including the immigration portion that he signed. [Emphasis added.]

The trial court admitted into evidence without objection Gibson's nine prior convictions,[3] and the State read those convictions into the record. During the punishment trial, the trial court and defense counsel also had the following exchange:

[Defense counsel]: Your Honor, I just want to put on the record that when we introduced the plea on one case last week.

[The Court]: Yes, sir.

[Defense counsel]: I had indicated to my client I had filed some pretrial motions and it's in different—it's in each case. And one of them has to do with a motion to suppress that I anticipate the State is going to introduce a statement that my client signed. And I just want to put in the record that we didn't waive all of our pretrial motions. Is that correct, Mr. Gibson?

[Gibson]: Yes, sir

[The Court]: All right.

[Defense counsel]: I just want to put that in the record.

[The Court]: All right. Thank you.

[Defense counsel]: And I explained that to him.

[The Court]: Okay. Next witness.

---

[3] Gibson had four prior convictions for assault causing bodily injury and one conviction each for reckless bodily injury to a child, unlawful carrying of a weapon, terroristic threat, theft, and evading arrest.

The State then offered Gibson's written confession through Arlington Police Officer Kyle Dishko. Defense counsel responded, "No objections, Your Honor." Officer Dishko read Gibson's written confession into the record. Gibson did not testify at trial, but he called several family members, who testified about mitigating circumstances and their love for him. The trial court sentenced Gibson to sixty years' confinement. Gibson did not file a motion for new trial. This appeal followed.

### III. Involuntary Plea

In his sole point, Gibson asserts that his due process rights were violated based on a plea rendered involuntary because he and his attorney "entered the plea with the belief they were preserving matters raised by pretrial motions on file." He argues that where a defendant pleads guilty with the erroneous understanding that he has preserved the right to appeal the denial of pretrial motions, the plea is not freely and voluntarily made.

Nothing in the record shows that Gibson secured a ruling on his pretrial motion to suppress.[4] *Cf. Broddus v. State*, 693 S.W.2d 459, 460–61 (Tex.

---

[4] To preserve a complaint for appeal, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). And the trial court must have ruled on the request, objection, or

7

Crim. App. 1985) (reversing when trial court denied motion to suppress and defendant entered open guilty plea on the misunderstanding, held by all parties and the trial court, that he could appeal that denial). But even if Gibson had secured a ruling, when a defendant affirmatively asserts during trial that he has "no objection" to the admission of such complained-of evidence, he waives any error in the admission of the evidence, despite the pretrial ruling. *See Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.). During the middle of the punishment hearing, with regard to "one case last week," Gibson testified that he did not waive all pretrial motions. However, when the State offered what appears to be the statement at issue into evidence, defense counsel stated, "No objections, Your Honor." And during closing argument, defense counsel appeared to acknowledge the statement, stating, "You heard—he pled guilty last week. The statement is—is some—it's something you have in evidence. The question on a case like this [is] does he get five or does he get ten?"

---

motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Furthermore, when the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was given voluntarily and knowingly. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Jackson v. State*, 139 S.W.3d 7, 14 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.) (stating that a defendant's sworn representation that his guilty plea is voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings"), *cert. denied*, 549 U.S. 1052 (2006). There is no claim, nor evidence, that Gibson was not properly admonished, and it is his burden to demonstrate a lack of understanding as to the consequences of his plea. *See Jackson*, 139 S.W.3d at 14. A review of the record shows that both Gibson and his attorney clearly and unequivocally "g[a]ve up and waive[d]" all pretrial motions by signing the written plea admonishments and that Gibson understood what he was doing when he signed it.

Additionally, it is unclear from the record whether Gibson's reference to a plea introduced in "one case last week" was, in fact, this case. During sentencing, the trial court and defense counsel had the following dialogue:

[The Court]: Mr. Gibson, you've committed six aggravated robberies with deadly weapons. . . . I'm amazed that nobody was killed during any of these six aggravated robberies.

9

[Defense counsel]: Your Honor, if I may[,] the evidence is only of four.  There was no evidence of two of them.

[The Court]: I got six cases ahead of me here.

[Defense counsel]: True.  But there was no evidence on two of them.

[The Court]: All right.  But the Court is taking [j]udicial notice that we do have six cases that are filed.  All right.

[Defense counsel]: Yes.  That is correct.

A review of the record does not show with any certainty that this case is the case to which counsel referred to when he talked about "some pretrial motions" he had discussed with his client.  Further, as Gibson filed no motion for new trial, there is no evidence, other than the plain language of the written plea admonishments and Gibson's counsel's broad statement at the beginning of the hearing that he explained "everything" to Gibson, as to what exactly was explained to Gibson and what he understood regarding the plea and its effect. *Cf. Christal v. State*, 692 S.W.2d 656, 656–58 (Tex. Crim. App. 1981) (reversing when transcript of hearing on motion for new trial demonstrated that defendant's plea was involuntary).  Therefore, Gibson has failed to overcome the "formidable barrier" presented by the written plea admonishments.  We overrule Gibson's sole point.

### IV. Conclusion

Having overruled Gibson's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 19, 2009