Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-08-00861-CR and 04-08-00862-CR

Joe **HUERTA** a/k/a Joe Louis Huerta,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No 11, Bexar County, Texas
Trial Court Nos. 238397 and 238399
Honorable Jo-Ann S. De Hoyos, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  October 14, 2009

AFFIRMED

Appellant Joe Huerta was charged with possession of a prohibited weapon, possession of a controlled substance, and possession of marijuana.  After a contested hearing, the trial court denied Huerta's motion to suppress.  The jury subsequently convicted Huerta of possession of a prohibited weapon and possession of marijuana.  The trial court assessed punishment, to run concurrently, at eleven months and twenty-five days in the county jail and 180 days in the county jail, respectively.  On appeal, Huerta asserts the trial court erred in failing to suppress the

illegally seized evidence in violation of his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution.[1]  We affirm the judgment of the trial court.

## BACKGROUND

On the morning of December 19, 2007, Appellant Joe Huerta was in the parking lot of his apartment complex when San Antonio Police Officer James Ratcliff, who was on foot patrol, approached him.  Officer Ratcliff had previous contacts with Huerta and knew him prior to the morning in question.  Officer Ratcliff was approximately twenty-five to thirty-five feet away from Huerta when Officer Ratcliff yelled, "Hey, Joe."  According to Officer Ratcliff, he approached Huerta and shook his hand.  However, before Huerta could respond, Officer Ratcliff grabbed what appeared to be a hand-rolled marijuana joint from behind Huerta's left ear, smelled the joint, and concluded it was marijuana.

Huerta was arrested and during the search incident to arrest, the officers recovered brass knuckles and six and a half pills of Xanax.  Huerta was charged with possession of a prohibited weapon, possession of a controlled substance, and possession of marijuana.  Immediately prior to trial, Huerta's motion to suppress the evidence was heard before the trial court.  Both Officer Ratcliff and Huerta testified.  The trial court denied the motion to suppress finding that Huerta "had absolutely no expectation of privacy with a joint over his ear in public view of an apartment." This appeal followed.

---

[1]  Both the Fourth Amendment to the United States Constitution and article I, section 9 of the Texas Constitution protect individuals from unreasonable searches and seizures.  *See* U.S. CONST. amend. IV; TEX. CONST. art. 1, § 9. Huerta does not claim that the Texas constitutional provision affords him greater protection than its federal constitutional counterpart.  We, therefore, treat them jointly as providing the same protection. *See Johnson v. State*, 912 S.W.2d 227, 233-34 (Tex. Crim. App. 1995).

**WAIVER**

Huerta asserts the trial court erred in finding that the evidence was not illegally seized. In response, the State argues the marijuana joint was in plain view to an officer who was standing in a place where he had a right to be, but even further, the State argues that Huerta waived his right to appeal. At the conclusion of the hearing on the motion to suppress, the trial court agreed with defense counsel that whether Officer Ratcliff shook Huerta's hand was a question of fact, and if properly raised, a question for the jury. During Officer Ratcliff's testimony before the jury, the State offered the marijuana, the brass knuckles, and the Xanax pills. Upon presentation of each exhibit, Huerta's attorney replied "no objection." As a result, the State contends Huerta waived his objection to the admission of the evidence.

Ordinarily, by filing a motion to suppress, a defendant preserves his right to complain of the admission of evidence at trial even if he fails to object when that evidence is introduced at trial. *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) *rev'd on other grounds*, 956 S.W.2d 33 (Tex. Crim. App. 1997). More specifically, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (*citing Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986)). However, when an accused ***affirmatively asserts*** during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008); *Gearing*, 685 S.W.2d at 329; *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (holding that "[a]ppellant's response of 'no objection' waived his claim to inadmissibility of the challenged evidence.").

Our review of the record supports the State's assertion that not only did Huerta fail to object to the admission of either the marijuana, the brass knuckles, or the Xanax as each exhibit was offered into evidence before the jury, but defense counsel affirmatively expressed his lack of an objection. Although counsel vigorously objected during the motion to suppress that the evidence was illegally seized in violation of his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution, when the evidence was offered before the jury, defense counsel's response was "no objection." Huerta's affirmative statement regarding his lack of an objection waived his claim to inadmissibility of the challenged evidence. *See Moody*, 827 S.W.2d at 889.

Because defense counsel specifically stated that Huerta had no objection to the admission of the State's evidence, we are compelled to find that this issue has not been preserved for appellate review. We, therefore, overrule Huerta's issues on appeal.

Rebecca Simmons, Justice

DO NOT PUBLISH