MEMORANDUM OPINION

 

No. 04-08-00861-CR and 04-08-00862-CR

 

Joe HUERTA
a/k/a Joe Louis Huerta,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the County Court
at Law No 11, Bexar County, Texas

Trial Court Nos. 238397
and 238399

Honorable Jo-Ann S.
De Hoyos, Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:            Sandee Bryan
Marion, Justice

                        Rebecca
Simmons, Justice

                        Marialyn
Barnard, Justice

 

Delivered and
Filed:  October 14, 2009

 

AFFIRMED

 

Appellant
Joe Huerta was charged with possession of a prohibited weapon, possession of a
controlled substance, and possession of marijuana.  After a contested hearing,
the trial court denied Huerta’s motion to suppress.  The jury subsequently
convicted Huerta of possession of a prohibited weapon and possession of
marijuana.  The trial court assessed punishment, to run concurrently, at eleven
months and twenty-five days in the county jail and 180 days in the county jail,
respectively.  On appeal, Huerta asserts the trial court erred in failing to
suppress the illegally seized evidence in violation of his rights under the
Fourth and Fourteenth Amendment to the United States Constitution and Article
I, Section 9 of the Texas Constitution.[1] 
We affirm the judgment of the trial court.

Background

On
the morning of December 19, 2007, Appellant Joe Huerta was in the parking lot
of his apartment complex when San Antonio Police Officer James Ratcliff, who
was on foot patrol, approached him.  Officer Ratcliff had previous contacts
with Huerta and knew him prior to the morning in question.  Officer Ratcliff
was approximately twenty-five to thirty-five feet away from Huerta when Officer
Ratcliff yelled, “Hey, Joe.”  According to Officer Ratcliff, he approached
Huerta and shook his hand.  However, before Huerta could respond, Officer
Ratcliff grabbed what appeared to be a hand-rolled marijuana joint from behind
Huerta’s left ear, smelled the joint, and concluded it was marijuana.  

Huerta
was arrested and during the search incident to arrest, the officers recovered
brass knuckles and six and a half pills of Xanax.  Huerta was charged with
possession of a prohibited weapon, possession of a controlled substance, and
possession of marijuana.  Immediately prior to trial, Huerta’s motion to
suppress the evidence was heard before the trial court.  Both Officer Ratcliff
and Huerta testified.  The trial court denied the motion to suppress finding
that Huerta “had absolutely no expectation of privacy with a joint over his ear
in public view of an apartment.”  This appeal followed.

 

Waiver

Huerta
asserts the trial court erred in finding that the evidence was not illegally
seized.  In response, the State argues the marijuana joint was in plain view to
an officer who was standing in a place where he had a right to be, but even
further, the State argues that Huerta waived his right to appeal.  At the
conclusion of the hearing on the motion to suppress, the trial court agreed
with defense counsel that whether Officer Ratcliff shook Huerta’s hand was a
question of fact, and if properly raised, a question for the jury.  During
Officer Ratcliff’s testimony before the jury, the State offered the marijuana,
the brass knuckles, and the Xanax pills.  Upon presentation of each exhibit,
Huerta’s attorney replied “no objection.”  As a result, the State contends
Huerta waived his objection to the admission of the evidence. 

Ordinarily,
by filing a motion to suppress, a defendant preserves his right to complain of
the admission of evidence at trial even if he fails to object when that
evidence is introduced at trial.  Gearing v. State, 685 S.W.2d 326, 329
(Tex. Crim. App. 1985) rev’d on other grounds, 956 S.W.2d 33 (Tex. Crim.
App. 1997).  More specifically, the defendant need not subsequently object at
trial to the same evidence in order to preserve error on appeal.  Lemons v.
State, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing
Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986)).  However, when
an accused affirmatively asserts during trial that he has “no
objection” to the admission of the complained of evidence, he waives any error
in the admission of the evidence despite the pretrial ruling.  Holmes v.
State, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008); Gearing, 685
S.W.2d at 329; Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992)
(holding that “[a]ppellant’s response of ‘no objection’ waived his claim to
inadmissibility of the challenged evidence.”).  

Our
review of the record supports the State’s assertion that not only did Huerta
fail to object to the admission of either the marijuana, the brass knuckles, or
the Xanax as each exhibit was offered into evidence before the jury, but
defense counsel affirmatively expressed his lack of an objection.  Although
counsel vigorously objected during the motion to suppress that the evidence was
illegally seized in violation of his rights under the Fourth and Fourteenth
Amendment to the United States Constitution and Article I, Section 9 of the
Texas Constitution, when the evidence
was offered before the jury, defense counsel’s response was “no objection.” 
Huerta’s affirmative statement regarding his lack of an objection waived his
claim to inadmissibility of the challenged evidence.  See Moody, 827
S.W.2d at 889.

Because
defense counsel specifically stated that Huerta had no objection to the
admission of the State’s evidence, we are compelled to find that this issue has
not been preserved for appellate review.  We, therefore, overrule Huerta’s
issues on appeal.

 

Rebecca Simmons, Justice

 

 

DO NOT PUBLISH

 

 

 









[1]  Both the Fourth Amendment to the United States
Constitution and article I, section 9 of the Texas Constitution protect
individuals from unreasonable searches and seizures.  See U.S. Const. amend. IV; Tex. Const. art. 1, § 9.  Huerta does
not claim that the Texas constitutional provision affords him greater
protection than its federal constitutional counterpart.  We, therefore, treat
them jointly as providing the same protection.  See Johnson v. State,
912 S.W.2d 227, 233-34 (Tex. Crim. App. 1995).