# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-12-00796-CR
---

Jason Eric Messer, Appellant

v.

The State of Texas, Appellee

---
**FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2010-087, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**
---

## MEMORANDUM OPINION

A jury convicted appellant Jason Eric Messer of burglary of a habitation. *See* Tex. Penal Code § 30.02(a)(1). The jury found the two enhancement paragraphs alleging prior felonies to be true and, pursuant to the habitual offender punishment provision of the Penal Code, assessed punishment of confinement for fifty-five years. *See id*. § 12.42(d). On appeal, appellant contends that the trial court erred when it denied his motion to suppress evidence. Because we conclude that appellant has failed to preserve his point of error on appeal, we affirm.[1]

---

[1] Because appellant does not challenge the sufficiency of the evidence to support his conviction, we provide only a general overview of the facts of the case. *See King v. State*, 953 S.W.2d 266, 267 (Tex. Crim. App. 1997); *see also* Tex. R. App. P. 47.4 (authorizing memorandum opinions to be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

**BACKGROUND**

A burglary of a habitation occurred on May 30, 2009. The stolen items were a television, game system, and laptop computer. Shortly after the burglary at around 1:00 a.m., a police officer stopped the vehicle that appellant was driving because of a defective headlamp and no license plate light to the rear. During the traffic stop, the officer observed a television, game system, and laptop computer in the car and became suspicious based on conflicting explanations provided by appellant and the two passengers in the car. The owner of the vehicle, who was one of the passengers, gave the officer permission to search the car. During the traffic stop, the officer learned about a burglary that had just been reported and that the stolen items matched the items in the car. At the time the officer stopped the vehicle, it was heading away from the location of the reported burglary. After the officer confirmed that the items in the car were the stolen items, appellant and the two passengers were arrested.

Appellant filed a motion to suppress evidence. The motion requested that the trial court "suppress from use at trial by the State, any and all results of the [traffic] stop, detention, and arrest in this cause, including any forensic testing; any and all oral, written, and/or video-recorded statements; and any information derived from the stop, detention, arrest, and/or interrogation of the Defendant that occurred as a result of the police officers' actions on May 30, 2009."

During a hearing in May 2012, the trial court granted appellant's motion to suppress in part and denied the motion in part.[2] The officer who made the traffic stop testified at the hearing. Based on the officer's testimony about the stop and the owner's consent to search the vehicle, the

_____

[2] The record does not include a written order of the trial court's ruling on the record.

2

trial court denied appellant's request to suppress the initial portion of the in-car video recording. The trial court, however, suppressed later portions of the recording. A trial on the merits also occurred in May 2012, but it resulted in a mistrial after a hung jury.

The case proceeded to another jury trial in September 2012. The State's witnesses included the officer who made the traffic stop, other officers involved in the investigation of the burglary, and one of the persons who was burglarized. The defense's witnesses included the other person who was burglarized and an investigator and detective with the Comal County Sheriff's office. The jury found appellant guilty of burglary of a habitation. After the punishment phase of the trial, the jury assessed punishment of fifty-five years' imprisonment, and the trial court rendered judgment in accordance with the jury's verdict. This appeal followed.

**ANALYSIS**

In one point of error, appellant contends that the trial court erred in denying his motion to suppress evidence seized by the State. He contends that the evidence "was based on an illegal search and detention, because the search conducted by the arresting officer, went beyond the scope and purpose of the detention, and became an unlawful fishing expedition."

The State urges that appellant has not preserved his point of error for appeal. A defendant does not need to object at trial to the same evidence that was the subject of an overruled pre-trial motion to suppress to preserve error on appeal. *See Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Figueroa v. State*, 250 S.W.3d 490, 514 (Tex. App.—Austin 2008, pet. ref'd); *Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "However, when the defendant affirmatively asserts during trial that he has 'no objection' to the

3

admission of the complained of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling." *Moraguez*, 701 S.W.2d at 904; *see also Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (concluding "[a]ppellant's response of 'no objection' waived his claim to inadmissibility of the challenged evidence" even though appellant "vigorously and specifically object[ed] to them as evidence 'illegally obtained and fruits of an illegal arrest' at a hearing outside the jury's presence").

The record reflects that appellant affirmatively stated that he had no objection to the admission of the in-car video recording of the traffic stop and photographs of the stolen electronics recovered from the vehicle. Accordingly, appellant has failed to preserve his point of error for appeal and has waived any error. *See Moraguez*, 701 S.W.2d at 904; *Figueroa*, 250 S.W.3d at 514; *Lemons*, 135 S.W.3d at 882.

## CONCLUSION

For this reason, we overrule appellant's point of error and affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 26, 2014

Do Not Publish

4