

**IN THE**
**TENTH COURT OF APPEALS**

———————————

**No. 10-19-00398-CR**

**EX PARTE JAMES EDWIN KERSHAW**

———————————

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 38,177-A**

## MEMORANDUM OPINION

In one issue, James Edwin Kershaw appeals the trial court's denial of his application for a writ of habeas corpus. We will affirm.

*Background*

Kershaw was found guilty by a jury of possession of more than five but less than fifty pounds of marijuana. The jury assessed punishment at ten years' incarceration but recommended that imposition of sentence be suspended. The trial court placed Kershaw on community supervision in accordance with the verdict. Kershaw appealed his conviction, asserting that the trial court erred in denying his motion to suppress. The Amarillo Court of Appeals affirmed Kershaw's conviction, holding that trial counsel waived any complaint by stating "no objection" when the evidence sought to be

suppressed was offered by the State at trial. *See Kershaw v. State*, No. 07-17-00282-CR, 2018 WL 3597378, at *2 (Tex. App.—Amarillo July 26, 2018, no pet.) (mem. op., not designated for publication).

Kershaw then filed an application for a writ of habeas corpus under article 11.072 of the Code of Criminal Procedure, asserting that his trial counsel was ineffective for stating "no objection" when the evidence he sought to suppress was offered at trial. The trial court denied Kershaw's habeas application after a hearing.

In his single issue on appeal, Kershaw argues that the trial court erred in denying his habeas application because suppression of the evidence was his only viable defensive strategy and defense counsel was ineffective in failing to preserve the issue for appeal. We disagree.

*Discussion*

A. Standard of Review/Burden of Proof. We have previously held:

> Article 11.072 of the Texas Code of Criminal Procedure is "the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution" in cases involving an individual who is serving a term of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015); *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016); *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008). An applicant for an article 11.072 writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016); *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In an 11.072 application, the trial judge is the sole finder of fact. *Torres*, 483 S.W.3d at 42; *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). Thus, we afford almost total deference to a trial court's factual findings, especially findings based on credibility and demeanor, and conclusions of law when they are supported by the record. *Id.*; *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (observing that, in context of Article 11.072 application, the courts of appeals and the Court

of Criminal Appeals "are truly appellate courts," and, thus, there is "less leeway" to disregard trial court's factual findings); *Ex parte Reed*, 271 S.W.3d 698 (Tex. Crim. App. 2008) (conclusions also given deference when supported by the record).

*Ex parte Ting-Huei Kung*, No. 10-17-00032-CR, 2018 WL 5986956, at *2 (Tex. App.—Waco Nov. 14, 2018, pet. ref'd) (mem. op., not designated for publication). *See also Ex parte Sanchez*, 625 S.W.3d 139, 144 (Tex. Crim. App. 2021) ("[I]n Article 11.072 cases, the trial court is the sole finder of fact, and the reviewing court acts only as an appellate court.").

B. Ineffective Assistance. In order to prevail in a habeas action on the basis of ineffective assistance of counsel, the applicant must demonstrate that "(1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome." *Kung*, 2018 WL 5986956, at *2 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Ex parte Torres*, 483 S.W.3d at 43). The applicant bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Torres*, 483 S.W.3d at 43; *see also Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To satisfy his burden under the first prong of the test, the applicant must overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance and might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021). The reasonableness of counsel's performance is judged under prevailing professional

norms. *Strickland*, 466 U.S. at 689. Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Id.*

Trial counsel did not testify at the hearing on Kershaw's habeas application, nor did Kershaw offer an affidavit from trial counsel regarding his reasons for stating "no objection" to the evidence obtained as a result of the search warrant.

> [I]n the absence of evidence of counsel's reasons for the challenged conduct, an appellate court "commonly will assume a strategic motivation if any can possibly be imagined," . . . and will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.

*Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (quoting 3 W. LaFave, et al., *Criminal Procedure* § 11.10(c) (2d. ed 1999)). *See also Ex parte Saenz*, 491 S.W.3d 819, 828 (Tex. Crim. App. 2016) (strong presumption of reasonableness of counsel's conduct applicable in habeas action).

The trial court noted in its findings and conclusions that a review of the court reporter's record of the trial "clearly shows Applicant's strategy being that Applicant did not commit the crime because of lack of knowledge or intent or participation and that the responsibility for the offense rested solely with the Co-Defendant," which the jury rejected by its verdict. The trial court additionally determined that it "cannot now declare that such a trial strategy was unreasonable based on the outcome." The trial court further concluded:

> It would not be unreasonable to conclude that counsel would have determined that the search warrants and the supporting affidavits would be deemed valid as the trial court had already found on two occasions and that the jury would also so find if the matter would be put before the jury. (It is noted that the validity of a search warrant is seldom made an issue

before the jury because of the often prejudicial hearsay contained in them which defense attorneys seek to avoid being submitted to a jury. It could even be argued that an attorney was ineffective for doing so.)

Kershaw argues that trial counsel's statement of "no objection" when the evidence he sought to suppress was introduced was so outrageous that no competent attorney would have engaged in it, citing to *Lemons v. State*, 135 S.W.3d 878 (Tex. App.—Houston [1st Dist.] 2004, no pet.). In *Lemons*, defense counsel filed a pretrial motion to suppress the marijuana that served as the basis of the prosecution that was denied by the trial court following a pretrial hearing. At trial, defense counsel stated "no objection" when the marijuana was offered as evidence but then requested an article 38.23 instruction to the jury regarding the constitutionality of the search. The trial court denied the request because defense counsel had affirmatively stated that he had no objection to the evidence. Defense counsel was unaware that his statement would preclude such an instruction. *Id.*, at 881.

*Lemons* is distinguishable in that the reasonableness of the search was the only defense offered at trial, and defense counsel was unaware of the law that precluded him from receiving a jury instruction on the reasonableness of the search after he stated "no objection" when the evidence obtained from the search was offered into evidence.

In this case, there was a viable defense other than the reasonableness of the search, namely that Kershaw had no knowledge of the marijuana-grow operation that was discovered on his property. In the absence of any explanation from Kershaw's trial counsel regarding the reasons for stating "no objection" when evidence obtained from the search of Kershaw's property was introduced at trial, we do not consider counsel's

action so outrageous that no competent attorney would engage in it. We conclude, therefore, that Kershaw's trial counsel was not ineffective. We need not address the prejudice prong of *Strickland* and overrule Kershaw's single appellate issue.

### *Conclusion*

Having overruled the single issue Kershaw raises on appeal, we affirm the judgment of the trial court.


MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed December 8, 2021
Do not publish
[CR25]

