# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00663-CR

**Charles Ray Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 08-304-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Charles Ray Williams was convicted of two counts of drug possession, one with an intent to deliver, and he was sentenced as a habitual offender to thirty-five years' incarceration. Appellant's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit. Appellant's attorney sent appellant a copy of the brief and advised him that he had the right to examine the record and file a pro se brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). Appellant filed a pro se brief arguing that the trial court should have granted his motion to suppress because the police officer who stopped the car lacked probable cause to make the stop; that the trial court should have given a jury instruction related to whether the traffic stop was lawful; and that appellant received ineffective assistance of counsel.[1] We affirm the trial court's judgment of conviction.

---

[1] We will address the merits of appellant's complaints. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (holding that appellate court may address pro se complaints raised in response to *Anders* brief filed by appointed counsel).

Police Officer Martin Flores testified that he was driving between fifty and fifty-five miles per hour along I-35 when a car driven by Tony Gibson drove past Flores at a "higher rate of speed." Flores got behind Gibson's car and paced him driving seventy in a sixty-five mile per hour zone; Flores's in-car radar also showed that Gibson was driving seventy miles per hour. Flores pulled Gibson over and when he approached the stopped car, he smelled the odor of burnt marihuana when the window was opened. He also saw appellant, who was in the passenger seat, holding rolling papers in his hands; Flores knew from his training and experience that rolling papers are often used for smoking marihuana. Flores asked Gibson whether there was more marihuana in the car, stating he could smell it through the window, and Gibson said Flores could probably smell it on Gibson's breath. Flores discovered Gibson had an arrest warrant related to child support, so he placed Gibson under arrest. He then went to speak with appellant and the other passenger, who was sitting in the back seat behind the driver. Flores asked appellant if there was more marihuana in the car, again stating he could smell it through the window. Appellant said no but admitted that he smoked marihuana, saying, "It helps me out." Flores asked appellant to step out of the car and performed a pat-down safety search because appellant seemed nervous and had shaky hands. During the pat-down, appellant became very jumpy and tense, so Flores handcuffed him and "conducted a probable cause search of his person," looking for weapons or narcotics. Flores found ecstasy and marihuana in appellant's pockets, and a search of the car found PCP under or behind the front passenger's seat.

Contrary to appellant's contentions, the video does not cast doubt on Flores's testimony that Gibson was driving over the speed limit, nor are there inconsistencies in Flores's testimony that would show that Flores lacked cause to stop Gibson. The video also supports

2

Flores's testimony that Gibson stated that Flores could probably smell marihuana on Gibson's breath, which implies that Gibson had smoked marihuana very shortly before being pulled over.

For an officer to have probable cause, he must have a reasonable belief, based on articulable facts and the totality of the circumstances within the officer's personal knowledge or of which he has "reasonably trustworthy information," that an offense has been committed. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). Flores testified that he smelled a strong odor of marihuana when the passenger-side window was rolled down, he saw appellant holding rolling papers, appellant seemed nervous, and he admitted that he smoked marihuana. Under these circumstances, an officer could have reached the reasonable belief that a crime had been committed by the occupants of the car. *See id.* Thus, Flores had probable cause to stop the car and search appellant and the car. *See, e.g.*, *Hitchcock v. State*, 118 S.W.3d 844, 850-51 (Tex. App.—Texarkana 2003, pet. ref'd) (officer smelled marihuana in car, could have deduced that passengers might have concealed marihuana on their persons, and "had probable cause to believe that any evidence of drugs on Hitchcock's person could have been destroyed during the time it would have taken to obtain a search warrant"; "[n]ot only is the odor of marihuana sufficient to constitute probable cause to search a defendant's person, but also the need to preservation of evidence was considerable, and the physical intrusion experienced by Hitchcock was minimal"); *see also Buquo v. State*, No. 14-04-00956-CR, 2006 Tex. App. LEXIS 2822, at *12 (Tex. App.—Houston [14th Dist.] Apr. 6, 2006, pet. ref'd) (mem. op.) (defendant was nervous and fidgety, officer smelled strong odor of marihuana on defendant's person during weapons pat-down, and defendant admitting to being present when others were smoking marihuana recently; "because the deputy was also faced with the possibility that

3

appellant could destroy evidence in the time it would take to procure a search warrant, the intrusion into appellant's pockets was minimal when weighed against the importance of preserving evidence"); *Ellard v. State*, No. 03-02-00419-CR, 2003 Tex. App. LEXIS 3986, at *5-*8 (Tex. App.—Austin May 8, 2003, pet. ref'd) (mem. op.) ("odor of marihuana generally provides probable cause to search for evidence of criminal activity"; officer had probable cause to search passenger when driver of vehicle was nervous and said that defendant "probably" possessed marihuana, and when officer smelled strong odor of marihuana when he asked defendant to get out of car). Because Flores had probable cause to search appellant for drugs, regardless of Flores's testimony that he was conducting a pat-down for weapons, the trial court did not err in overruling appellant's motion to suppress. *See Walter v. State*, 28 S.W.3d 538, 542-53 (Tex. Crim. App. 2000) ("a police officer's subjective motive will never invalidate objectively justifiable behavior under the Fourth Amendment" and officer's "[s]ubjective intentions play no role in an ordinary, probable-cause Fourth Amendment analysis" ); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992) ("as long as an actual violation occurs, law enforcement officials are free to enforce the laws and detain a person for that violation . . . regardless of the officer's subjective reasons for the detention"); *Ellard*, 2003 Tex. App. LEXIS 3986, at *5-*8 (officer's testimony and subjective belief that he had probable cause only to search for weapons did not "invalidate objectively justifiable behavior").

Further, appellant waived any complaints related to whether the stop was illegal when counsel stated at trial that he had no objection to the introduction of the drugs into evidence. *See Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008). As for appellant's complaint related

4

to a jury instruction under article 38.23 of the code of criminal procedure, *see* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005), as we have observed, contrary to appellant's assertion, there was no factual dispute about the circumstances concerning the legality of the traffic stop or Flores's search of appellant's person. Without a factual dispute about the stop or search, it was not error to omit an article 38.23 instruction from the charge. *See Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005).

Finally, appellant contends he received ineffective assistance of counsel due to trial counsel's failure to object when the drugs were introduced. He also raises complaints related to his speedy-trial rights and counsel's investigation into the facts and preparation for trial. Without a record related to counsel's decision-making at trial or what kind of investigation he conducted, we will not second-guess his decisions related to the timing of trial, his investigation into the facts, or his trial strategy. *See Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Assuming that counsel was ineffective in stating he had no objection to the introduction of the drugs into evidence, appellant has not shown that counsel's error prejudiced appellant's defense. *See id.* at 883. We have already discussed why the trial court did not err in overruling appellant's motion to suppress. As in *Lemons*, because the traffic stop and search were legal and the trial court properly overruled appellant's motion, appellant has not shown prejudice in his attorney's statement of "no objection" to the drug evidence. *See id.* We overrule appellant's pro se complaints.

Appellate counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807,

5

811-13 (Tex. Crim. App. 1978). We have considered the record, counsel's brief, and appellant's pro se brief and agree with counsel that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We grant counsel's motion to withdraw and affirm the judgment of conviction.[2]

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: May 20, 2010

Do Not Publish

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.